UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| ) | |
| UTILITY RISK MANAGEMENT ) | |
| CORPORATION, LLC, ) | Case No. 10- |
| ) | |
| ) | |
| Debtor ) | |
| ) | |

ORDER GRANTING MOTION TO USE CASH COLLATERAL

Upon the Motion of Utility Risk Management Corporation, LLC (the "Debtor") for Order Authorizing Use of Cash Collateral dated August 17, 2010 (the "Cash Collateral Motion"), after due and sufficient notice under the circumstances, upon consideration of the pleadings filed by the Debtor and after hearing in open Court on August 31, 2010, all objections to the relief requested in the Cash Collateral Motion having been withdrawn or overruled or resolved by way of Amended Interim Stipulation for Relief From Stay, Cash Collateral, and Adequate Protection dated August 31, 2010, by and between the Debtor and Asplundh Tree Expert Co. ("Asplundh") and ArborMetrics Solutions, Inc. ("Stipulation"), pursuant to 11 U.S.C. § 363(c)(2), Bankruptcy Rule 4001(b) and VT LBR 4001-4, and upon the following findings by the Court:

i. That it is in the best interests of the Debtor, its creditors and its estate that the Debtor have the use of cash collateral for the purposes and in the amounts set forth on Exhibit A to the Cash Collateral Motion; and

ii. That the interests of Asplundh Tree Expert Co. ("Asplundh") in the cash

collateral of the Debtor are adequately protected by the replacement liens offered by the Debtor.

It is hereby Ordered as follows:

a. The Debtor is authorized to use cash collateral for: (i) the purposes and in the amounts set forth in Exhibit A to the Cash Collateral Motion; and (ii) to satisfy the administrative payment obligations arising out of the Debtor's status as a Chapter 11 debtor pursuant to 11 U.S.C. § 1930.

b. As and for adequate protection of the interest of Asplundh, if any, in the Debtor's cash collateral, Asplundh is hereby granted a replacement lien in the post-petition accounts of the Debtor in the amount of the cash collateral consumed by the Debtor, which replacement lien shall have the same validity, priority and effect as the pre-petition lien of Asplundh in such property.

c. As provided in the Stipulation, the Debtor's authority to use cash collateral as set forth in this order is granted through and including Thursday, September 30, 2010, unless such authority is extended by further order of this Court or by mutual agreement between the Debtor and Asplundh.

It is so Ordered.

Dated:

_____
The Honorable Colleen A. Brown
United States Bankruptcy Judge